FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 30 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50383 |
| Plaintiff - Appellee, | D.C. No. 8:08-cr-00283-JVS |
| v. | |
| AARON GARIBAY DELGADO, a.k.a. Brain, a.k.a. Aaron Ruben Garibay-Delgado, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Aaron Garibay Delgado appeals from the 235-month sentence imposed

following his guilty-plea conviction for conspiracy to possess with intent to

distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Delgado contends that the district court committed procedural error by treating the sentencing range calculated by reference to the Career Offender Guideline, U.S.S.G. § 4B1.1(b)(A), as "virtually mandatory," by overemphasizing the need for deterrence, and by "fail[ing] to recognize the numerous ways in which courts are permitted to deviate from the career offender guidelines." The record belies these contentions.

Delgado also argues that his sentence was substantively unreasonable because the district court ignored "the tremendous extent to which [his] priors unreasonably increased [his] advisory Guidelines" and gave "virtually no weight to his personal characteristics and history." He argues that his sentence was greater than necessary to serve the objectives of 18 U.S.C. § 3553(a). These contentions are without merit. The 235-month sentence, which was 57 months below the correctly-calculated advisory Sentencing Guidelines range, was substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

**AFFIRMED.**